**32ⁿᵈ JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

**STATE OF LOUISIANA**

NO. *195205*                                    **DIVISION " "**

**THE LIFE CHURCH OF HOUMA**

**v**

**CHURCH MUTUAL INSURANCE COMPANY**

FILED:    **NOV 2 1 2022**                 _/S/ CHERYL L. BERGERON_
                                                      **DEPUTY CLERK**

### PETITION FOR DECLARATORY JUDGMENT AND DAMAGES

NOW COMES THE LIFE CHURCH OF HOUMA, Plaintiff, who, through undersigned

counsel, respectfully represents that:

### PARTIES

1.  Made Plaintiff herein is THE LIFE CHURCH OF HOUMA (hereinafter "Life Church" or

"Plaintiff"), a Louisiana non-profit religious corporation, serving the community in the Parish of

Terrbonne, State of Louisiana at 2324 Coteau Road, Houma, Louisiana 70364.

2.  Made Defendant herein is CHURCH MUTUAL INSURANCE COMPANY ("Church

Mutual" or "Defendant"), a foreign insurance company which is authorized to do and doing

business in the State of Louisiana.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over the matters alleged herein, particularly

under La. Stat. Ann. §22:868(A)(2) and La. Code Civ. Proc. Ann. art. 1871.

4.  Defendant entered a contract of insurance with the Plaintiff in Louisiana, whereby the

Plaintiff paid a premium to the Defendant for its promise to compensate the Plaintiff in the event

of a covered loss. The Defendant is transacting the business of insurance in the state of Louisiana

and the basis of this suit arises out of such conduct.

5.  Venue in this action is proper in Terrebonne Parish as the losses occurred in Terrebonne

Parish.

### FACTUAL BACKGROUND

6.  Plaintiff contracted with Defendant to insure the property and business located at 2324

Coteau Rd. Houma, LA 70364, (hereinafter "insured premise").

7.  The insured premise is the location of a church that services the Houma community.

FAX FILING___*11-15-22*___

1

DAVID W. ARCENEAUX
JUDGE-DIVISION D
**EXHIBIT A**

8.  In addition to their scheduled services, Plaintiff's utilize their facilities as their central location for, among other things, their kids and student ministries, life groups, pre-marital counseling, and venue space.

9.  The insured premise was covered under a policy issued by Defendant with policy number believed to be 0122546-02-905229, (hereinafter "the policy").

10. The policy was in full effect during the period of July 10, 2019, through July 10, 2022.

11. Defendant assessed the risk of issuing the policy and provided coverage following their evaluation of the property and business.

12. During Defendant's assessment of the risk in underwriting, Defendant had the opportunity to inspect the insured premise.

13. Under information and belief, the Defendant found the insured premise to be in good condition during underwriting resulting in the extension of replacement cost value coverage.

14. Plaintiff paid all premiums associated with the policy when due in a timely manner and without delay.

15. Defendant accepted all premium payments.

16. Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of its policy and pay for any covered losses that may occur.

17. On August 29, 2021, while the policy was in full force and effect, the insured premises sustained significant damages caused by Hurricane Ida, a major category four hurricane, which made a catastrophic landfall with high sustained winds.

18. Devastating winds and wind-driven rain lasted for several hours as the hurricane slowly passed over southeast Louisiana.

19. Hurricane Ida resulted in extensive damage to the Houma area, including shredding the power grid and thousands of structures.

20. As a result of Hurricane Ida, the Plaintiff's insured premise suffered extensive damage.

21. The insured premise sustained significant damage to its structure and, due to storm created openings, its contents.

22. Plaintiff provided timely and proper notice of the claim to Defendant on or about August 29, 2022.

23. In compliance with the policy, Plaintiff began mitigating the loss as soon as possible.

24. Due to extent of the damage at the insured premise, Plaintiff engaged a mitigation company to mitigate the damage caused by Hurricane Ida.

25. Mitigation was conducted after an environmental assessment was conducted and in accordance with a water damage restoration and remediation protocol was issued.

26. Defendant was made aware that a mitigation company had bee engaged and of the services being rendered to protect the insured premise from additional damage.

27. Defendant acknowledged Plaintiff's claim on September 15, 2021, identifying it as claim number 1455618.

28. Defendant retained and assigned the Plaintiff's claim to a third-party adjusting company, G4S Compliance & Investigations, Inc., out of Atlanta, Georgia on September 15, 2021, along with an internal property adjuster.

29. Plaintiff has not received any estimation, reporting, or evaluations from G4S Compliance & Investigation, Inc.

30. By September 21, 2021, Defendant re-assigned the Plaintiff's claim to a new internal property adjuster.

31. On September 29, 2021, Defendant unilaterally granted itself an additional 30 days to complete its investigation.

32. Plaintiff is entitled to recovery of all benefits due under the policy resulting from the hurricane to the insured premises, including, but not limited to, the structural loss, recoverable depreciation, and business personal property.

33. Defendant had ample opportunity to inspect the insured premise immediately after the storm to view the extensive damage to the property.

34. Defendant was given full access to inspect the insured premises immediately after the storm.

35. Louisiana law provides claims handling timelines which are strictly construed.

36. Under La. Stat. Ann. §22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. Stat. Ann. §22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

37. The arbitrary, capricious, or without probable cause failure to comply with La. Stat. Ann. §22:1892(A)(1) and §22:1892(A)(4) subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent on the amount found to be due from the insurer to the insured or $1,000, whichever is greater. If partial payment of tender is made, the penalty is fifty percent of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorney fees and costs. La. Stat. Ann. §22:1892(B)(1).

38. Under La. Stat. Ann. §22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. Stat. Ann. §22:1973(B)(5).

39. In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000, whichever is greater. La. Stat. Ann. §22:1973(C).

40. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

41. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

42. In compliance with their duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and reasonably available for the viewing of the physical loss evidence.

43. Defendants first inspection of the property occurred on or about September 18, 2021.

44. On or about September 18, 2021, Defendant had satisfactory proof of loss.

45. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

4

46. A second inspection of the insured premise with Defendant and Plaintiff was held on September 30, 2021.

47. On or about November 5, 2021, Defendant issued a grossly inadequate advanced payment for the damage observed.

48. The November 5, 2021, advance payment was issued seventy (70) days after the loss, sixty-eight (69) days after notice of the claim was received by Defendant, and forty-eight (48) days after Defendant had satisfactory proof of loss at the inspection.

49. Defendant advised Plaintiff that the grossly inadequate November 5, 2021, payment was issued because "[c]overage for this claim *in its entirety* has not been determined at this time."

50. Under information and belief, Defendant knowingly and intentionally issued an advance payment rather than the known undisputed amount until a determination on the entire claim was made at the Plaintiff's expense.

51. On November 6, 2021, Plaintiff advised Defendant that their issuance of the arbitrary and capricious advance payment did not excuse the Defendant's failure to timely assess and adjust the loss and issue an undisputed payment on the known damage.

52. On or about November 16, 2021, Plaintiff received Defendant's first claim determination eighty-one (81) days after the loss, seventy-nine (79) days after notice of the claim was received by Defendant, and fifty-nine (59) days after Defendant had satisfactory proof of loss at the inspection.

53. The November 16, 2021, claim determination acknowledged coverage and liability for the Hurricane Ida loss insofar as Defendant issued partial payment of the loss.

54. Defendant's claim determination was based on reports from third party estimators and consultants who missed or omitted damage, under scoped the loss, and/or undervalued the costs of repair of the Hurricane Ida damages at the insured premise.

55. For example, Defendant issued payment in November utilizing outdated September price lists despite knowledge of the unstable market in the aftermath of a catastrophic storm.

56. In addition to the September 18, 2021, satisfactory proof of loss, a formal proof of loss package with all the Plaintiff's evidence of the loss was provided to Defendant on December 3, 2021.

57. Plaintiff had to incur costs to investigate the loss due to Defendant's failure to timely and properly investigate the Hurricane Ida loss.

5

58. The proof of loss submissions provided a second instance of satisfactory proof of loss in so far as they contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss.

59. The proof of loss submission included a narrative of the claim, building drawings, mitigation protocol, mitigation contract, mitigation reports, engineering findings, Xactimate estimate of the loss, construction schedule, contents list, business interruption model, profit and loss statements dating back to 2019, invoices, photographs, and 3D Matterport models of the damaged insured premise.

60. On December 22, 2021, Defendant issued an additional partial payment on missed or omitted scope based on an outdated September 2021 price list.

61. Despite receipt of extensive evidence of the damaged loss, Defendant has failed to timely and reasonably include open and obvious covered Hurricane Ida damage.

62. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff continued to reasonably work with Defendant and their consultants to ensure compliance with their duties under the policy, including conference calls with all consultants.

63. Plaintiff's cooperation in no way absolved the Defendant from its duties under the law.

64. Plaintiff has never provided an extension of the statutory claim handling timelines to Defendant.

65. On September 2, 2022, Plaintiff provided a supplemental proof of loss submission with a Louisiana contractors bid.

66. The supplemental proof of loss submission did not waive or extent Defendants prior receipts of satisfactory proof of loss and duties under the contract and law.

67. Defendants responded to the supplemental proof of loss over thirty (30) days after its receipt.

68. Defendant has unjustifiably failed and/or refused to perform their obligations under the policy and have wrongfully or unfairly limited payment on the Plaintiff's claim.

## CAUSES OF ACTION

69. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

**DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. STAT. ANN. §22:1892 AND §22:1973**

70. Plaintiff is seeking a Declaratory Judgment confirming that Defendant has an obligation to comply with the 30-day and 60-day statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

71. Plaintiff is seeking Declaratory Judgment confirming that Defendant's thirty- and sixty-day timelines under La. Stat. Ann. §22:1892 and §22:1973 commenced on the earlier of the date of the inspection of the property and/or receipt of the satisfactory proof of loss submissions.

<h2 style="text-align:center">BREACH OF CONTRACT</h2>

72. Defendant breached the terms of the policy when it unjustifiably failed and/or refused to perform their obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

73. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's insured property with like kind and quality material as existed at the time the hurricane occurred.

74. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

<h2 style="text-align:center">BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING</h2>

75. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff, but failed to timely investigate and settle the loss. Failure to make such payment within thirty days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of 50% of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. Stat. Ann. §22:1892.

76. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, or $5,000, whichever is greater, pursuant to La. Stat. Ann. §22:1973.

77.

7

## DAMAGES

78. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

    a.  Repair and remediation expenses;

    b.  Structural damages;

    c.  Loss of business personal property;

    d.  Business income loss;

    e.  Severe inconvenience;

    f.  Inability to make appropriate repairs due to inadequate insurance payments;

    g.  Any and all other applicable damages arising under any of the policy's sub-coverage limits, including but not limited to debris removal and increased cost of construction;

    h.  Diminution in value of property;

    i.  Actual damages related to the increased cost of repairs;

    j.  Consequential damages;

    k.  Attorney's fees and penalties; and

    l.  Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments.

### JURY DEMAND

79. Plaintiff hereby requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein, THE LIFE CHURCH OF HOUMA, prays that this complaint be filed into the record, that Defendant, CHURCH MUTUAL INSURANCE COMPANY, be cited to appear and answer same, and after due proceedings are had before a jury, there be judgment rendered in favor of Plaintiff, THE LIFE CHURCH OF HOUMA, and against Defendant, CHURCH MUTUAL INSURANCE COMPANY, for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorney's fees, and all general and equitable relief available. Further, Plaintiff, THE LIFE CHURCH OF HOUMA, prays that there be a judgment rendered in favor of Plaintiff and against Defendant, CHURCH MUTUAL INSURANCE COMPANY declaring that in their transaction of insurance CHURCH MUTUAL INSURANCE

COMPANY have an obligation to comply with the statutory timelines under La. Stat. Ann. §22:1892 and §22:1973, which began to run upon the inspection of the property on or about and/or receipt of the satisfactory proof of loss submission(s) and breached said obligation.

Respectfully Submitted,

GAUTHIER MURPHY & HOUGHTALING LLC

JENNIFER PEREZ, (#38370)
SKYE S. FANTACI, (#28241)
KEVIN R. SLOAN, (#34093)
HENRY J. ROTH, (#37526)
YULIA HOUGHTALING, (#40233)
3500 N. Hullen Street
Metairie, Louisiana, 70002
Telephone:    (504) 456-8625
Facsimile:    (504) 456-8624
Email:        jennifer@gmhatlaw.com
              skye@gmhatlaw.com
              kevin@gmhatlaw.com
              henry@gmhatlaw.com
              yulia@gmhatlaw.com

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA

LA. _____ NOV 2 3 2022 ___, 20_____
BY /s/ ALYSON SELF-THOMASSIE
         Deputy Clerk of Court

**Please serve this Petition for Damages and Declaratory Judgment**:

CHURCH MUTUAL INSURANCE COMPANY
Through its Agent of Process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809