UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE LIFE CHURCH OF HOUMA** | **CIVIL ACTION NO: 2:23-CV-00007** |
| **VERSUS** | **JUDGE: WENDY B. VITTER** |
| **CHURCH MUTUAL INSURANCE COMPANY** | **MAGISTRATE: JANIS VAN MEERVELD** |

**CHURCH MUTUAL INSURANCE COMPANY, S.I.'S COUNTERCLAIM**

**NOW INTO COURT,** through undersigned counsel, comes Defendant and Counterclaimant, CHURCH MUTUAL INSURANCE COMPANY, S.I. (*referred to as* "Defendant" or "CMIC"), who respectfully asserts the following Counterclaim against Plaintiff, THE LIFE CHURCH OF HOUMA (*referred to as* "Plaintiff" or "Life Church") as follows:

1.

Counterclaimant, CMIC, is a Wisconsin corporation with its principal place of business in Merrill, WI, authorized to do and doing business in Louisiana.

2.

Counterclaim-Defendant, Plaintiff, is a party to this suit organized under the laws of and operating in the State of Louisiana and has submitted itself to the jurisdiction of the Court by filing suit.

3.

This is the proper venue for this matter as all acts occurred in this district.

4.

Jurisdiction is proper as the amount in controversy exceeds $75,000, exclusive of interest and costs and the parties are diverse.

5.

Under Louisiana law, "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction."

6.

Based on the known facts to date, Plaintiff has committed fraud in connection with its insurance claim, pursuant to Louisiana CODE CIV. PROC. ART. 1953 *et seq* and Louisiana REV. STAT. §§ 22:1921 *et seq.*

7.

Plaintiff concealed documents that demonstrate its actually incurred costs of its repairs, while submitting demands including estimates and/or bids to perform work that had already been performed at known costs to gain an unjust financial advantage from CMIC.

8.

Plaintiff claimed duplicate or redundant items of purported repair or replacement in connection with its insurance claim to gain an unjust financial advantage from CMIC.

9.

Plaintiff submitted invoices for construction or replacement of items that did not exist prior to the storm for reimbursement from CMIC to gain an unjust financial advantage from CMIC.

10.

As one specific example, the Plaintiff submitted a December 3, 2021 "PROOF OF LOSS" to CMIC with, among other things, an estimate for a roof replacement at a cost of $390,392.93, with a "20% Demand Surge" increase added to the cost.

11.

Plaintiff then entered into a December 5, 2021, "METAL ROOF REPLACEMENT" contract with Ahlers Roofing and Construction to replace the roof for a "PROJECT TOTAL AMOUNT" of $205,000.00. The Plaintiff concealed this contract from CMIC.

12.

Upon information and belief, by February 23, 2022, Ahlers Roofing and Construction had completed the roof replacement, and Plaintiff had paid Ahlers Roofing and Construction in full the completed roof replacement amount, $205,000.00, according to the December 5, 2021, contract.

13.

Months after completing and paying in full its roof replacement, Plaintiff submitted a September 2, 2022, "SUPPLEMENTAL PROOF OF LOSS" claiming the Plaintiff "has obtained a fixed price bid for rebuilding of the damaged property by a licensed general contractor," Claremont Property Co.

14.

Upon information and belief, Claremont Property Co. is not associated with the Plaintiff's purported repair project, and the Claremont Property Co. logo was used on the Plaintiff's "bid" without Claremont Property Co.'s authorization or consent.

15.

Plaintiff's September 2, 2022, "SUPPLEMENTAL PROOF OF LOSS" attached the referenced "bid," dated August 7, 2022, which included several items of repair that had already been performed at incurred costs undisclosed to CMIC. For example, the "bid" included a roof

replacement price totaling $480,116.29. The "bid" also added a "25% Demand Surge Charge" to the entire "bid," including a 25% increase added to the purported roof replacement bid.

16.

Plaintiff also facilitated execution of a fraudulent contract between the Life Church and Kaleo Enterprises LLC, which is not a licensed contractor, for purported "CONSTRUCTION MANAGEMENT" services to gain an unjust financial advantage from CMIC.

17.

Plaintiff has expanded and upgraded its audio-visual equipment and submitted its costs to CMIC representing the costs to be hurricane repairs with the intention of gaining an unjust financial advantage from CMIC.

18.

Plaintiff has added a parking lot to its property and submitted its costs to CMIC representing the costs to be hurricane repairs with the intention of gaining an unjust financial advantage from CMIC.

19.

Plaintiff has added a coffee shop to its property and submitted its costs to CMIC representing the costs to be hurricane repairs with the intention of gaining an unjust financial advantage from CMIC.

20.

Plaintiff has incorporated items of renovation, betterments, and additions into its purported Hurricane Ida repair project with the intention of gaining an unjust financial advantage from CMIC.

21.

Plaintiff has replaced items that were not damaged and submitted its costs to CMIC representing the costs to be hurricane repairs with the intention of gaining an unjust financial advantage from CMIC.

22.

The Plaintiff's misrepresentations and concealments were carried out with the intention to obtain an unfair advantage from and/or cause a loss to CMIC.

23.

The policy of insurance upon which Plaintiff sues provides, in part:

> b.  Cancellation of Renew Policies and New Policies in Effect for Sixty (60) Days or More.
> If this policy has been in effect for sixty (60) days or more, or is a renewal of a policy we issued, we issued, we may cancel only for one or more of the following reasons:
> …
> (2)  Fraud or material misrepresentation made by you or with your knowledge with the intent to deceive in obtaining the policy, continuing the policy, or in presenting a claim under the policy;

24.

Because of the actions of Plaintiff, the insurance contract is null and void pursuant to Louisiana law and/or the terms of the contract.

25.

Because the contract for insurance is null and void given Plaintiff's fraudulent conduct, Defendants requests a declaratory judgment ruling that the insurance contract is null and void.

26.

CMIC seeks return of the sums paid to date for the Plaintiff's claim minus the premiums paid by Plaintiff for this policy period.

27.

CMIC seeks damages and attorneys' fees for the Plaintiff's fraud.

28.

CMIC prays for jury trial on its Counterclaim.

**WHEREFORE**, Defendant and Counterclaimant, Church Mutual Insurance Company, S.I., prays that this Counterclaim be deemed good and sufficient and that after due proceedings be had, that there be judgment rendered in its favor, dismissing Plaintiff's lawsuit, granting its requests for declaratory relief, ordering that the contract of insurance is null and void, ordering Plaintiff to refund sums allegedly due, and awarding costs, attorneys' fees and interest to Defendant, and for all such equitable relief as justice and the law may allow.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

*/s/ Jordan P. Amedee*
ERIC D. BURT (LSBA#29783)
JORDAN P. AMEDEE (LSBA#36353)
SIDNEY W. DEGAN, III (LSBA#04804)
5555 Hilton Avenue, Suite 620
Baton Rouge, LA 70808
Telephone: (225) 610-1110
Facsimile: (225) 610-1220
Email: eburt@degan.com
       jamedee@degan.com
       sdegan@degan.com
*Attorneys for Defendant,*
*Church Mutual Insurance Company, S.I.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 14th day of January, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                              */s/ Jordan P. Amedee*
                                               Jordan P. Amedee